ATTACHED MOTION AND AFFIDAVIT

Mandamus Proceeding MANDAMUS NO. 01-15-00658-CV

NO.01-15-00677-CR MANDAMUS NO. 01-15-00657-CV

APPEAL NO. 01-15-00645-CV and

5 Proceedings

APPEAL NO.01-15-00448-CV

TRIAL COURT CAUSE NO.2015-08974

Court of Appeals

First District of Texas

Prophet Ronald Dwayne Whitfield, Appellant,

V.

Clear Lake Nissan, and

Big Star Honda, et al., Defendant.

RULE 20 MOTION TO PROSECUTE /
SUE OUT APPEAL AS INDIGENT,

Rule 20(a) WITH AFFIDAVIT IN SUPPORT

TO THE HONORABLE JUSTICES:

Comes Now Appellant,
Prophet Ronald Dwayne
Whitfield, Pro Se, and He
would Respectfully show:

I. Motion Rule 20

1. Prophet Ronald Dwayne
Whitfield, move to prosecute
file and prosecute this
lawsuit (i.e., appeal) without
cost, but for my poverty
do I move and I do believe-
in good faith belief - that
I am entitled to all the

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS
AUG 06 2015
CHRISTOPHER A. PRINE
CLERK

FILED
Chris Daniel
District Clerk
MAY 13 2015
Time: 3:36 pm
Harris County, Texas
By_____ Deputy

As you can see, this had already been filed in trial court on decide but Justices. Now, we add four (4) new matters (criminal) as of today is not for me to other civil and criminal matters. Would I have to pay for the decide but Justices.

relief Sought herein.

FILED
Chris Daniel
District Clerk
MAY 15 2015
Time: _____
Harris County, Texas
By _____ Deputy

## II. AFFIAVIT

I, Ronald Dwayne Whitfield, Pursuant to Rule 20(b)(1)-(12), am unemployed, as of Friday, 15 May 2015, A.D. 12 O'Clock; am unable to pay any costs whatsoever for the filing and prosecuting of this appeal / lawsuit; Mandamus I have no spouse; I own no real/personal property (other than clothes, ect.); but have car pay in bank account ($1,80.00), but otherwise am completely broke / destitute (unemployed) have no assests; / do not disclose debt to government; monthly expeses is high, may withdraw $100.00, but

such amount is for personal need, ect, no attorney is necessary; and I have no Skill to and access to equipment, as required by Rule 58.5(d)

DATED: 16 May 2015
/s/ Prophet Ronald W.

NOW COMES Prophet Ronald Dwayne Whitfield, Pro Se, And He would Respectfully Show as follows:

FILED
Chris Daniel
District Clerk
MAY 08 2015
Time:_____ Harris County, Texas
By_____ Deputy

## I DEFINITION OF "REASON"

By definition, "a reason is a statement that explains to the reader [i.e., both the Prophet and Justices of the appellate court] why you [the Honorable Judge Baker] hold a position [for granting the above Motion to Compel Arbitration...] and why the reader too, should hold that position."

## II. Notice OF APPEAL

Notice is hereby given that the Plaintiff, Ronald Dwayne Whitfield, hereby appeals to the First/Fourteenth Court of Appeals of Texas from the "Order" rendered, signed, entered (but not "issued"), dated April 29, 2015.

## III MOTION TO PROTECT RIGHTS OF PARTIES

As the Justices of this court already know, "where there are legal rights there are duties."

Accordingly, Here, the Judge of the trial court has now signed an order based on an OPPOSED motion to Compel Arbitration And Stay Litigation ...."

In this case since no contract exists, much less the "validity" of one, having been put in issue, Our Prophet in no way can "assign" "[any] reversible error" made by the Judge of the lower court to which he might/may drove before this Court, to its justices which they might/may "agree" ~~warrants~~ constitutes "reversible error."

Therefore, Prophet Ronald hereby move this O Honorable Court through its justices to "render" an order that orders the Judge below to "favor" both our Prophet and the Justices in this case with any legal basis or legal reason for which the order above is based.

Our rules grant a "right" to appeal in Texas an adverse "interlocutory order," Such a right Contemplates a "meaningful appeal," at least in Criminal cases.

According, as such, only now motion this Court, through its judicial officers, to render an order granting our Last Prophet leave to sue out in this Court the said order, as He is too poor to pay any costs associated with the lawsuit or appeal, but for HIS poverty does He so move.

This motion is made in "good faith" belief, adopts and incorporate the appellate rules concerning suing on appeal and the statutory law of "perjury" thus binding Himself to the pains and penalties thereof and therefor —

that He is so poor that He is unable to pay but as a taxpayer — He "agrees" to pay over time.

Executed pursuant to Tex. Civ. Prac. & Rem. Code § 132.001, et seq.

redated for 1st Thursday, August 6, 2015 *

Resigned 1st ~~Prophet Ronald Dwayne Whitfield~~
1st ~~Prophet Ronald Dwayne Whitfield~~
Prophet Ronald Dwayne Whittie

C "What is the specific appellate
rule in Texas to sue on
appeal, Rule 21?" my phone
is "dead," but this Court's
Justices memorizes appellate
rules much better than
our prophet does ~~these
days~~. In Hell, He knew

all the rules by their number.
RE-
DATED AND
RE-SIGNED

* AS of Thursday, 6 August 2015
Appellant and Relator has over
$700.00 in Credit Union account, but
at time he applied for pauper status, He
~~was still too "poor" to pay,~~ as Hee
~~By~~ dead He means Hee
His battery is exhausted.

is still now.

This is NOT "dè jà vu."

CAUSE NO. 055724401010

| THE STATE OF TEXAS | * | IN THE 176 TH  DISTRICT COURT |
| VS. | * | OF HARRIS COUNTY, TEXAS |
| GREEN, CLIFTON EDMOND | * | |

STATUTORY WARNING BY MAGISTRATE

(UNDER ARTICLE 15.17 OF THE TEXAS CODE OF CRIMINAL PROCEDURE AS AMENDED)

ON THIS DAY  GREEN, CLIFTON EDMOND
BLACK    , MALE , 33 YEARS OF AGE, PERSONALLY APPEARED BEFORE ME IN THE
CUSTODY OF I BAGBY
OF WESTSIDE  , AND I GAVE SAID ACCUSED THE FOLLOWING WARNING

GREEN, CLIFTON EDMOND              , YOU HAVE BEEN ACCUSED OF THE
OFFENSE OF POSS COCAINE LT 28G-CRACK   4.

YOU HAVE THE RIGHT TO RETAIN COUNSEL, YOU HAVE A RIGHT TO REMAIN SILENT. YOU
HAVE A RIGHT TO HAVE AN ATTORNEY PRESENT DURING ANY INTERVIEW WITH PEACE OFFICERS
OR ATTORNEYS REPRESENTING THE STATE. YOU HAVE A RIGHT TO TERMINATE AN INTERVIEW
WITH PEACE OFFICERS OR ATTORNEYS REPRESENTING THE STATE AT ANY TIME. YOU HAVE A
RIGHT TO REQUEST THE APPOINTMENT OF COUNSEL IF YOU ARE INDIGENT AND CANNOT AFFORD
COUNSEL, AND YOU HAVE A RIGHT TO HAVE AN EXAMINING TRIAL.

YOU ARE NOT REQUIRED TO MAKE ANY STATEMENT AND ANY STATEMENT YOU MAKE MAY AND
PROBABLY WILL BE USED AGAINST YOU IN YOUR TRIAL.

YOUR BAIL IS SET AT $010000
(OR)
BAIL IS DENIED. IF A FORMAL COMPLAINT IS FILED AGAINST YOU, YOUR BAIL WILL
THEN BE SET

ABOVE STATUTORY WARNING GIVEN BY THE UNDERSIGNED MAGISTRATE, HARRIS COUNTY
TEXAS ON THE  4TH DAY OF    MARCH        , 1990.

I UNDERSTAND THE ABOVE WARNING.                          MAGISTRATE
I FURTHER UNDERSTAND THAT I AM SCHEDULED TO APPEAR IN THE ABOVE COURT
ON THE   DAY OF _____ , 19__ , AT 9:00A.M.

X _____
DEFENDANT

REMARKS -

FILED
RAY HARDY
District Clerk
MAR - 4 1990
Time: _____
Harris County, Texas
By _____ Deputy

CAUSE NO. 055716401010

THE STATE OF TEXAS        *    IN THE 174 TH  DISTRICT COURT

VS.                       *    OF HARRIS COUNTY, TEXAS

WHITEFIELD, RONALD DWAYNE     *


STATUTORY WARNING BY MAGISTRATE


(UNDER ARTICLE 15.17 OF THE TEXAS CODE OF CRIMINAL PROCEDURE AS AMENDED)


ON THIS DAY  WHITEFIELD, RONALD DWAYNE
BLACK   , MALE , 23 YEARS OF AGE, PERSONALLY APPEARED BEFORE ME IN THE
CUSTODY OF C. RAYBOULD
OF HPD       , AND I GAVE SAID ACCUSED THE FOLLOWING WARNING


WHITEFIELD, RONALD DWAYNE       , YOU HAVE BEEN ACCUSED OF THE
OFFENSE OF BURG VEHICLE

YOU HAVE THE RIGHT TO RETAIN COUNSEL, YOU HAVE A RIGHT TO REMAIN SILENT. YOU
HAVE A RIGHT TO HAVE AN ATTORNEY PRESENT DURING ANY INTERVIEW WITH PEACE OFFICERS
OR ATTORNEYS REPRESENTING THE STATE. YOU HAVE A RIGHT TO TERMINATE AN INTERVIEW
WITH PEACE OFFICERS OR ATTORNEYS REPRESENTING THE STATE AT ANY TIME. YOU HAVE A
RIGHT TO REQUEST THE APPOINTMENT OF COUNSEL IF YOU ARE INDIGENT AND CANNOT AFFORD
COUNSEL, AND YOU HAVE A RIGHT TO HAVE AN EXAMINING TRIAL.

YOU ARE NOT REQUIRED TO MAKE ANY STATEMENT AND ANY STATEMENT YOU MAKE MAY AND
PROBABLY WILL BE USED AGAINST YOU IN YOUR TRIAL.


YOUR BAIL IS SET AT $000000
(OR)
BAIL IS DENIED. IF A FORMAL COMPLAINT IS FILED AGAINST YOU, YOUR BAIL WILL
THEN BE SET


ABOVE STATUTORY WARNING GIVEN BY THE UNDERSIGNED MAGISTRATE, HARRIS COUNTY
TEXAS ON THE  3RD DAY OF   MARCH       , 1990


I UNDERSTAND THE ABOVE WARNING.
I FURTHER UNDERSTAND THAT I AM SCHEDULED TO APPEAR IN THE ABOVE COURT
ON THE __ DAY OF MAR 5 1990 , 19__ , AT 9:00A.M.

                                       MAGISTRATE

X _Ronald Whitfield_
DEFENDANT

832 817-4975

REMARKS -

FILED
RAY HARDY
District Clerk
MAR -5 1990
Harris County, Texas
By _____ Deputy

CAUSE NO. 061771801010

THE STATE OF TEXAS                          *       IN THE 174 TH  DISTRICT COURT

VS.                                         *       OF HARRIS COUNTY, TEXAS

WHITFIELD, RONALD DWAYNE                     *

STATUTORY WARNING BY MAGISTRATE

(UNDER ARTICLE 15.17 OF THE TEXAS CODE OF CRIMINAL PROCEDURE AS AMENDED)

ON THIS DAY  WHITFIELD, RONALD DWAYNE
BLACK   , MALE , 25 YEARS OF AGE, PERSONALLY APPEARED BEFORE ME IN THE
CUSTODY OF V FRANKLIN
OF HPD       , AND I GAVE SAID ACCUSED THE FOLLOWING WARNING

WHITFIELD, RONALD DWAYNE        , YOU HAVE BEEN ACCUSED OF THE
OFFENSE OF BURG BLDG

YOU HAVE THE RIGHT TO RETAIN COUNSEL, YOU HAVE A RIGHT TO REMAIN SILENT. YOU
HAVE A RIGHT TO HAVE AN ATTORNEY PRESENT DURING ANY INTERVIEW WITH PEACE OFFICERS
OR ATTORNEYS REPRESENTING THE STATE. YOU HAVE A RIGHT TO TERMINATE AN INTERVIEW
WITH PEACE OFFICERS OR ATTORNEYS REPRESENTING THE STATE AT ANY TIME. YOU HAVE A
RIGHT TO REQUEST THE APPOINTMENT OF COUNSEL IF YOU ARE INDIGENT AND CANNOT AFFORD
COUNSEL, AND YOU HAVE A RIGHT TO HAVE AN EXAMINING TRIAL.

YOU ARE NOT REQUIRED TO MAKE ANY STATEMENT AND ANY STATEMENT YOU MAKE MAY AND
PROBABLY WILL BE USED AGAINST YOU IN YOUR TRIAL.

YOUR BAIL IS SET AT $000000
(OR)
BAIL IS DENIED. IF A FORMAL COMPLAINT IS FILED AGAINST YOU, YOUR BAIL WILL
THEN BE SET

ABOVE STATUTORY WARNING GIVEN BY THE UNDERSIGNED MAGISTRATE, HARRIS COUNTY
TEXAS ON THE 11TH DAY OF  DECEMBER       , 1991.

_____
                                                    MAGISTRATE

I UNDERSTAND THE ABOVE WARNING.

X_____
DEFENDANT

REMARKS -

THE STATE OF TEXAS
VS.

RONALD WAYNE WHITFIELD
... Castor
Houston, Tx.

REV. 5/80

N 00923986

**SPN:** NM 5-24-66
**DOB:** NM 5-24-66

**DATE PREPARED** 3-16-89 **BY** ar **DA NO.** 448
**AGENCY:** HPD
**NCIC CODE:** 2300 33 **O/R NO.** 21139289
**ARREST DATE:** TO BE

**FELONY CHARGE:** THEFT

**RELATED CASES** EDWIN HENNESSEY

**CAUSE NO.:** 525468
**HARRIS COUNTY DISTRICT COURT NO.:** 337TH

**BAIL $** 2,000.00 MAR 17 1989
**PRIOR CAUSE NO.:**

---

**TO ANY PEACE OFFICER OF THE STATE OF TEXAS:**

Complaint has been made by the undersigned affiant who says under oath that he has good reason to believe and does believe that in Harris County, Texas, RONALD WAYNE WHITFIELD

hereafter styled the Defendant, heretofore on or about _____ **March 10, 1989** _____, did then and there unlawfully

appropriate by acquiring and otherwise exercising control over property, namely, one television, one washer and one dryer, owned by IRA FAY WHITFIELD, hereafter styled the Complainant, of the value of over seven hundred fifty dollars and under twenty thousand dollars, with the intent to deprive the Complainant of the property, and without the effective consent of the Complainant.

PROBABLE CAUSE: Affiant, IRA FAY WHITFIELD, is a credible and reliable person reputably employed with no known criminal record. Affiant further states that the Defendant, RONALD WAYNE WHITFIELD, committed the offense of Felony Theft as alleged above on March 10, 1989 in Harris County, Texas. Affiant states that she left for work at 5:00 am on March 10, 1989 leaving defendant, RONALD WHITFIELD, present at her residence. Defendant RONALD DWAYNE WHITFIELD is the Complainant's son. When Affiant returned home at 8:30 am on March 11, 1989 she found her television, washer and one dryer missing. Later Affiant found a pawn slip in her residence which was dated March 10, 1989 and signed by Co-defendant, EDWIN HENNESSEY. On March 13, 1989, defendant contacted Affiant and admitted to taking the items and selling then to pay off drug debts. Affiant did not give co-defendants her consent to remove the items which are valued at $750 and under $20,000.

UNEXECUTED

RECORDER'S MEMORANDUM:
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____ **AFFIANT**

Sworn to and subscribed before me on 3-16-89

_____ **ASSISTANT DISTRICT ATTORNEY OF HARRIS COUNTY, TEXAS.**

**COMMITMENT**
THEREFORE you are commanded to retain custody of the Defendant and bring him before the court named above to answer the above charge. Return this writ and indicate below how it was executed. Bail is set as indicated above. Given my hand on

**WARRANT**
THEREFORE you are commanded to arrest the Defendant and bring him before the court named above to answer the above charge. Return this writ and indicate below how it was executed. Bail is set as indicated above. Given my hand on MAR 17 1989

_____ **MAGISTRATE OF HARRIS COUNTY, TEXAS.**

BY _____ **WRIT RECEIVED** MAR 17 1989 ___ 19___, and **EXECUTED** ___ 19___

arresting the Defendant and (1) placing him in jail in Harris County, Texas, or (2) taking his bond (cross out inapplicable action).

How could my mother sue me Criminally, since we both were joint-owners of our property? She may could have sued me criminally. Had I an attorney appointed while magistrate performed 4th amend. Duties...

STANDARD-FORM MEMORANDUM — the instrument was filed and recorded...

State of Texas

vs.

Ronald O. Whitfield

In the 337th District Court
of Harris County, Texas

## Motion To Withdraw

Comes Now the undersigned counsel and moves the Court as follows:

I.

That counsel is unable to render effective assistance of counsel because of his clients sustained refusal to assist counsel in his own defense, including his unwillingness to proceed with a plea bargain agreed to by the State.

WHEREFORE, PREMISES CONSIDERED, Counsel respectfully prays to be allowed to withdraw as representative of defendant, Ronald Whitfield

Respectfully Presented,

Roland B. Moore III

Roland B. Moore III
5403 Jackson
Houston, TEX
713-665-2947
BAR NO 14388100

F I L E D
RAY HARDY
District Clerk
JUL 0 5 1989
Time:
By _____ Deputy

(F)
P.11

BUYER'S TAG RECEIPT - BUYER'S COPY

THIS IS THE BUYER'S TAG NUMBER: 70C6976

THIS IS THE EXPIRATION DATE: 03-15-2015

DATE OF SALE: 01-14-2015

Issue Date      VIN
01-14-2015      3CZRM3H32EG714673

Year    Make        Model       Body Style
2014    HONDA       CRV         UTILITY TL

Major Color     Minor Color
BLACK

Remarks      No Remarks found for vehicle.

Issuing Dealer          Dealer Number
Big Star Honda          P119895

Owner #1 Name           Owner #1 Street Address
RONALD WHITFIELD        7522 LASALETTE, HOUSTON, 77021

Owner #2 Name           Owner #2 Street Address

BUYER is required to keep this receipt in the vehicle until vehicle is registered and metal plates are placed on the vehicle.

Complaints should be directed to the Texas Department of Motor Vehicles, Enforcement Division, 4000 Jackson Avenue, Bldg 1, Austin, Texas, 78731 or file a complaint at http://www.txdmv.gov/dealers/complaints.htm

BUYER'S COPY

VS.

Ronald D. Whitfield
4115 Castor
Houston, Tx.

SPN: 00923986/994
DOB: BM/5-24-66

DATE PREPARED: 2-10-91  BY: vf  DA NO.: 517
AGENCY: HPD  O/R NO.: 130921091
NCIC CODE: 2200 97  ARREST DATE: 12-10-91

FELONY CHARGE:
BURG. BLDG.

RELATED CASES:

CAUSE NO.: 617718
HARRIS COUNTY DISTRICT COURT NO.: 174

BAIL $ NO BOND
PRIOR CAUSE NO.:

TO ANY PEACE OFFICER OF THE STATE OF TEXAS:

Complaint has been made by the undersigned affiant who says under oath that he has good reason to believe and does believe that in Harris County, Texas,

RONALD DWAYNE WHITFIELD

hereafter styled the Defendant, heretofore on or about _____ DECEMBER 10, 1991 _____, did then and there unlawfully

with intent to commit theft, enter a building not then open to the public, owned by EDYTHE KREJCI, a person having a greater right to possession of the building than the Defendant, and hereafter styled the Complainant, without the effective consent of the Complainant, namely, without any consent of any kind.

*vol.*

*170  164*

*Memorandum of Harris County Grand Juries True Bills AND/or No Bills*

*170  156*

*Pursuant to Section 74.056, Tex. Gov't Code assignment.*

*Second Administrative Judicial Region order of Assignment by Presiding Judge December 10, 1991*

FILED KATHERINE TYRA DISTRICT CLERK 1991 DEC 13 AH 12: 52

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Sworn to and subscribed before me on _____ December 10, 1991 _____

_____
AFFIANT

_____
ASSISTANT DISTRICT ATTORNEY OF HARRIS COUNTY, TEXAS.

COMMITMENT

THEREFORE you are commanded to retain custody of the Defendant and bring him before the court named above to answer the above charge. Return this writ and indicate below how it was executed. Bail is set as indicated above. Given my hand on _____ DEC 11 1991 _____

WARRANT

THEREFORE you are commanded to arrest the Defendant and bring him before the court named above to answer the above charge. Return this writ and indicate below how it was executed. Bail is set as indicated above. Given my hand on

_____
MAGISTRATE OF HARRIS COUNTY, TEXAS.

AS

WRIT RECEIVED 12-11 19 91, and EXECUTED 12-11 19 91

by arresting the Defendant and (1) placing him in jail in Harris County, Texas, or (2) taking his bond (cross out inapplicable action).

By _____ 650 495

492674
52546 8
52885 6

LATJ 02

CAUSE NO. 557164   CHARGE Burg Veh.
617718  337th 351st 174   DISTRICT COURT

THE STATE OF TEXAS
OF HARRIS COUNTY, TEXAS.

VS.

Ronald D. Whitefield

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Ronald D. Whitefield, defendant in the above styled and numbered cause, and respectfully petitions the Court to appoint counsel to represent him in said felony cause and would show to the Court that he is too poor to employ counsel.

X Ronald Whitfield
Defendant

Sworn to and subscribed before me on this, the 5th day of March
A.D. 19

RAY HARDY, District Clerk,
Harris County, Texas

By: _____ Deputy

## ORDER APPOINTING COUNSEL

On this, the 5th day of March, A.D. 19 90, it appearing to the Court that the above named defendant has executed an affidavit stating that he is without counsel and is too poor to employ counsel, it is ordered that the attorney listed below is appointed to represent the above named defendant in said cause.

Allen Tanner
Attorney

1001 Texas
Address

H     TX     77002
City        State        Zip

225 1100
Phone

19637 00
BAR #

FILED
MAR 5 1990
Time:
By: _____ Deputy

It is further ordered that the said cause is set for: _____

on the _____ day of _____, 19 ___, at 9:00 A.M.

Signed this 5th day of March, A.D. 19 90.

_____
Judge Presiding

*Now, I must Be THE ONLY PROPHET EVER TO BUY TWO NEW CARS IN SAME NIGHT...*

## BUYER'S TAG RECEIPT - DEALER'S COPY

THIS IS THE BUYER'S TAG NUMBER: **70C6976**    DATE OF SALE:    01-14-2015

**THIS IS THE EXPIRATION DATE:    03-15-2015**

Give buyer's receipt to buyer. PLACE THIS DEALER'S COPY IN SALES FILE. It is part of the sales records required to be kept and subject to inspection by the department. Verify this information before distributing copies:

| Issue Date | VIN | | Year | Make | Model | Body Style |
|---|---|---|---|---|---|---|
| 01-14-2015 | 3CZRM3H32EG714673 | | 2014 | HONDA | CRV | UTILITY TL |
| | Major Color | | | | Minor Color | |
| | BLACK | | | | | |

**Remarks**    **No Remarks found for vehicle.**

Issuing Dealer                     Dealer Number
**Big Star Honda**                 **P119895**

Owner #1 Name                      Owner #1 Street Address
**RONALD WHITFIELD**               **7522 LASALETTE, HOUSTON, 77021**

Owner #2 Name                      Owner #2 Street Address

## DEALER'S COPY

CAUSE NUMBERS
492674, 525468, 528856, 557164 and
617718

STATE OF TEXAS

V.

Prophet Ronald Dwayne Whitfield

174th
337th and       IN THE
351st      DISTRICT COURT
OF HARRIS COUNTY, TEXAS
motion for HEARING AND

Defendant's AND
STATE'S MOTIONS FOR
Tex. R. APP. Proc., Rule
23, FOR JUDGMENT
NUNC PRO TUNC
AND ENTRY IN THE MINUTES
THEREFOR

TO THE JUDGE OF SAID COURT!
TO ACLU!

To U.S. Congress!

To U.S. Congresswoman Sheila Jackson-Lee!

To American National and local News media!

To U.S. President and Vice-President

To President-and Vice-President Elect!

To Gov. State of Texas!

To All state of Texas Senators and Representatives!

To Texas Attorney General

To All Watchdog Groups!


Prophet Ronald Dwayne Whitfield, so-called Defendant, move for New Rule * Judgment Nunc Pro Tun in the cases referenced above and then for entry thereof into the minutes of the court.

---

* Current Rules of Texas Rules Appellate Procedure may now be applicable.

Judges of said courts, although this ~~that~~ day our Prophet has caused appellate court clerks of our First and fourteenth court of appeals to file ( a practitioner files himself / herself nothing, the clerk _does_ ) a petition for writ of Mandamus, swift action by you judges will render that proceeding "moot."

In support of His motion, our Prophet incorporates herein Jones v. State, 795 S.W.2d 199 and Wilson v. State, 677 S.W.2d 518 as his initial and final ARGUMENTS.

Those cases cite Moore v. State, 245 S.W.2d 491. See, also, Lanier v. State, 268 S.W.2d 129.

WACTH THIS

"[T]he 'Nunc Pro Tunc order' reflects the following: 'The Court further finds that a correct judgment and ~~sentence~~ was entered by the trial court on December 19, 1974, but ~~in was when~~ incorrectly entered ~~in~~ in the minutes of the Court...' To read this portion of the order literally would allow for an unwarranted contradiction

to take place. We do not do so because we find that it was obvious that the first 'entered' should have instead been "rendered."

Read the opinion on; it goes on to explain the <u>legal</u> definition of what a judgment is and cites Moore v. State, 245 S.W. 2d 491.

watch
the opinion
in Moore v.
State

WATCH MOORE V. STATE THIS CONTRADICT ITSELF in using "entered" for "rendered"; one must slow down or else too make same unwarranted contradiction.

"Appellant, for the first time ~~by~~ by his motion for rehearing [waited to see what our Court would do, and having acted to rule against him, now] insists no final judgment has been entered in this case [like our Prophet Ronald does here] and that, for this reason, the appeal [in whitfield v. state, 01-92-00617-CR] Should be dismissed.

" The transcript [clerk's record] contains [as here] what, upon its face, purports to be a judgment of the court [below us] showing that

appellant [ here also showing that our LAST Prophet ] was duly tried and convicted [ of a violation of Texas Penal code, and not convicted for being in love with our one and only 'REAL' God ] ~~was~~ ~~duly~~ by a jury [ and in the other matters by his very own pleas of guity ], upon which the trial court [ i.e., its Judges ] entered [ sic; the writer mmeant, 'rendered' ] judgment. As it appears in the transcript, the judgment does not show [ as here in Prophets' 'legal matters' ] to have been entered in the

minutes of the court. 8

"Accompanying the motion for rehearing [ like He does in the appellate court now ] is the certificate [ but the court already has the certified record ] of the county [ here, the District ] clerk certifying that the judgment had not been entered in the minutes of the court but, by inadvertence [ as here ], had been omitted from such record.

"It is apparent, therefore, that a judgment has not been entered of record in

the minutes of the court in this case. 'Entered of record,' as applied to a judgment in a <u>criminal</u> case, means 'entered in the minutes of the court.' The case of Ellis v. State, 140 Tex. Cr. R. 339, 145 S.W. 2d 176, appears to be here controlling; it was there held [as it would be here held] that a [mere] docket entry in a misdemeanor case [and one case here too is a misdemeanor and it] did not <u>constitute</u> a judgment entered of record.

."Appellant [ and our last Prophet's ] motion for rehearing [ and for judgment Nunc Pro tunc ] is granted; the [ prior ] opinion theretofore rendered in this case is withdrawn; and the appeal is now dismissed."

" Opinion approved by the Court."

CONCLUSION

But keep in mind, a correct Jones, supra, held that a judgment may be now "rendered" nunc pro tunc if,

in fact, an *incorrect* judgment previously had been entered. But if no judgment had been rendered at all, then no judgment may ever be "rendered" nunc pro tunc. The current appellate rules, therefore, but were not in effect at time of these five (5) cases, mistakenly uses "render" for "enter." Thus the rules meant a judgment may be "entered" nunc pro tunc.

Here, the only remedy is to grant a new trial, under the former rules. Then Prophet ~~Brice~~

o o o
Dated July 31, 2015    /[s]/ Prophet Brice

Likewise, although there are Judgments circulating (like money circulates) showing higher courts, President of U.S. gov., ect. that our Last Prophet had been convicted of offenses in the State of Texas, the Clerk of the Courts from which they purport to be KEPT, has no "record" of them entered in the minutes.

Thus they are not judgments.

# AFFIDAVIT

I, Prophet Ronald Dwayne Whitfield, declare the above and foregoing is true and correct and not misleading

(S) Prophet

Dated July 31, 2015

If a Judge be found with twenty (20) twenty (20) dollar bills in U.S. currency and government have no record of the serial numbers thereon those $20 bills, Judge could be prosecuted for being in possession of counterfeit money.

of a writ of mandamus 2 (an order to Respondents to respond to the petition itself) and for the granting ~~relief~~ thereunder it, as well as the civil cases on appeal, which, this morning, I discovered will have to be dismissed for want of jurisdiction.

~~with kindest~~

Justice of First Court of Appeals, 01-92-00617-CR motions for reconsideration ~~on~~ en Banc and for rehearing include Moore v. State 245 S.W.2d 491 and Lanier v. State 268 S.W.2d 129 (1954).

Since "NO judgment appears to have been entered in the minutes, in the absence of which the appeal must be dismissed." ... Moore V. State, 245 S.W. 2d 491

Any filing of <u>another</u> notice of appeal would have to be dismissed, not as untimely, but because "no final judgment has been entered in this case."

clerks please file, set and present same to the courts for their JUSTICES to adjudicate.

(S) Prophet Ruum